LYONS et al., Respondents, v. ST. PAUL FIRE & MARINE INS. CO., Appellant. (City Court of New York, General Term. December, 1901.) Action by Alexander Lyons and others against the St. Paul Fire & Marine Insurance Company. William D. Murray, for appellant. Goldfogle, Cohn & Lind (Alfred D. Lind, of counsel), for respondents.

SCHUCHMAN, J. This action was brought upon the ordinary New York standard fire insurance policy to recover for a loss by fire. The insured, Greenburg Bros., procured this policy from the defendant; it being one of three policies issued by different companies, each for $1,000. On October 24th, a fire occurred, by which the insured suffered some loss. On November 9th the insured assigned their claim to the plaintiffs. The answer, after denying certain of the allegations in the complaint, sets up as an affirmative defense a request on the part of the defendant for an appraisal, under the terms of the policy, which request, it was conceded, had not been granted by the plaintiffs at the time of the trial. The policy provided that in the event of a loss under this policy "the amount thereof shall be ascertained by two competent and disinterested appraisers, and the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of loss herein required have been received by this company, including an award by appraisers, when an appraisal has been required." That an appraisal was required is not disputed. But the plaintiffs contended and submitted evidence at the trial of an agreement made between them and the three insurance companies whereby the entire loss was fixed and settled upon for the sum of $450, each company to pay $150; that on behalf of the defendant herein one Mr. Gold, the adjuster and representative of the defendant, had agreed to that amount as a settlement; that after that settlement had been made and fixed upon the two companies paid respectively $150, but the defendant company herein failed to do so; that after said settlement was made the plaintiffs disposed of the damaged stock, and after that was done, and 16 days after said settlement had been had, the defendant served notice of appraisal. Of course, no appraisal could then be had, because the stock had then been disposed of. The defendant's representative, Mr. Gold, denied that he had agreed to a settlement of the loss at $450. This disputed question as to whether a settlement of the amount of $450 loss had been agreed upon or not was submitted to the jury, who found in favor of the plaintiffs. The agreement of a settlement was certainly a waiver of the appraisal. We think that on the evidence the verdict of the jury

was correct. We have examined the exceptions noted in the appellant's brief, and we do not think that any of them present any reversible errors. The judgment and order appealed from is affirmed, with costs. Judgment and order affirmed, with costs.

DELEHANTY, J., concurs.